IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN D. WILLIAMS,<br>　#20431-045,<br>　　　PETITIONER,<br><br>V.<br><br>WARDEN RIVERS,<br>　　　RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL CASE NO. 3:22-CV-01894-S-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner John D. Williams' *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be **DENIED**.

### I. BACKGROUND

Williams pled guilty in the United States District Court for the Western District of Missouri to (1) Conspiracy to Manufacture and Distribute Methamphetamine, and (2) Aiding and Abetting the Creation of Substantial Risk of Harm to Human Life while Manufacturing Methamphetamine ("Aiding and Abetting offense"). Doc. 12 at 18. He was sentenced to 300 months' imprisonment, followed by a 10-year term of supervised release. Doc. 12 at 19. After his successful completion of a residential drug abuse treatment program ("RDAP"), the Bureau of Prisons ("BOP") deemed Williams ineligible for the early release incentive. Doc. 4 at 1–2. This determination was based on the BOP's categorization of his Aiding and Abetting offense as a violent crime under 28 C.F.R. § 550.55(b)(5)(iii). Doc. 4 at 1–2.

After exhausting his administrative remedies, Williams filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the BOP's determination. Doc. 3 at 5; Doc. 4. Respondent opposes § 2241 relief. Doc. 11. Williams has filed a reply. Doc. 13.

Upon review, the Court finds that (1) Williams has no protected liberty interest in the RDAP early release benefit, and (2) the BOP properly determined that he is ineligible for the early release incentive. Therefore, Williams' petition lacks merit and should be denied.

## II. ANALYSIS

Because Williams contests the BOP's determination that he is ineligible for the RDAP early release incentive under 18 U.S.C. § 3621(e)(2)(B), he appears to be raising a due process claim. To demonstrate a due process violation, Williams must show that "he had a 'liberty interest' that the prison action implicated or infringed." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007) (quoting *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976)). He cannot do so.

The Court of Appeals for the Fifth Circuit has repeatedly held that neither the Due Process Clause nor any federal statute or regulation creates a liberty interest in receiving a sentence reduction under § 3621(e)(2)(B). *Handley v. Chapman*, 587 F.3d 273, 281 (5th Cir. 2009) ("In granting eligibility for early release, the BOP has broad discretion that precludes the possibility of a liberty interest in early release under § 3621."); *Richardson*, 501 F.3d at 420 (same). "Without a liberty interest, there is no procedural due process claim." *Handley*, 587 F.3d at 281. Williams' due process claim therefore fails.

Williams also argues that the BOP erred in classifying his Aiding and Abetting offense as a violent crime, due to its resemblance to a recently repealed statute—the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii)—and the Supreme Court's recent opinion in *Borden v. United States*, --- U.S. ---, 141 S. Ct. 1817 (2021). Doc. 4 at 2–3.

Williams' argument lacks merit.  The BOP's definition of nonviolent offense, as outlined in its policy statement, does not hinge on the "crime of violence" definition in the ACCA but on the BOP's broad discretion to define "nonviolent offense."  Thus, the definitions are *not* analogous.[1] *See Gonzales v. Tombone*, 1997 WL 803000, 132 F.3d 1455, at *2 n.2 (5th Cir. 1997) (unpublished per curiam) ("[T]he definition of 'crime of violence' in the sentencing context is not binding in the context of interpreting the early release statute." (citing *Venegas v. Henman*, 126 F.3d 760, 763-65 (5th Cir. 1997))).  Likewise, *Borden*, and its predecessor *Johnson v. United States*, 576 U.S. 591, 595 (2015), are inapposite.

Further, the BOP has significant discretion to determine eligibility for the RDAP and early release incentives.  *See Lopez v Davis*, 531 U.S. 230, 238-41 (2001) (the BOP "has the authority, but not the duty," to reduce a term of imprisonment upon the successful completion of the  RDAP and § 3621(e)(2)(B) "categorically denies early release eligibility to inmates convicted of violent offenses").  The BOP's decision to deny Williams' early release benefit was based on the classification of his Aiding and Abetting offense as one of the "Criminal Offenses That are Crimes of Violence in *All Cases*" in the BOP's program statement.  Doc. 12 at 40, 44. This categorization is a permissible interpretation of 18 U.S.C. § 3621(e)(2)(B) and aligns with the statute's purpose—to reduce recidivism and uphold the punitive and deterrent effects of harsh sentencing for violent offenders.  *See Venegas*, 126 F.3d at 763 (holding Congress vested

---

[1] *Compare* 28 C.F.R. § 550.55(b)(5)(iii) ("As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:  Inmates who have a current felony conviction for . . . [a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another[.]"), *with* 18 U.S.C. § 924(e)(2)(B)(ii) ("The term 'violent felony' means any crime punishable by imprisonment for a term exceeding one-year … that . . . involves conduct  that presents a serious potential risk of physical injury to another[.]").

considerable discretion in the BOP to determine what offenses constitute a violent offense as long as it is based on a "permissible construction of the statute" (quoting *Reno v. Koray,* 515 U.S. 50, 61 (1995))).

Finally, as previously noted, the Fifth Amendment is not implicated here. Denying the early incentive benefit to Williams only results in him "serv[ing] the remainder of his sentence under typical circumstances rather than imposing a punishment qualitatively different from the punishment characteristically suffered by a person convicted of a crime." *Flowers v. Brown*, NO. 1:17-CV-460, 2021 WL 1143783, at *4 (E.D. Tex. Mar. 5, 2021) (citing *Handley*, 587 F.3d at 281), *R. & R. adopted*, 2021 WL 1134272 (E.D. Tex. Mar. 23, 2021).

### III. CONCLUSION

Williams' habeas corpus petition under 28 U.S.C. § 2241 should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 15, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).